**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SCOTT NEUMAN, individually and on behalf of all others similarly situated,** | ) ) ) | |
| **Plaintiff,** | ) ) | **CIVIL ACTION NO: 2:22-cv-00820-CB** |
| **v.** | ) ) | |
| **JD PALATINE LLC,** | ) ) | |
| **Defendant.** | ) ) | |

<u>**AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**</u>

PLAINTIFF SCOTT NEUMAN, individually and on behalf of all others similarly situated, files this Amended Class Action Complaint and states as follows[1]:

1.    Mr. Neuman brings this action against Defendant JD Palatine LLC ("JDP") for its violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

2.    Congress passed the FCRA to protect consumers from the harm caused by inaccurate reporting.  To this end, the FCRA requires that all consumer reporting agencies (CRAs) that report criminal background information use "reasonable procedures to ensure maximum possible accuracy of the information concerning the individual about whom the report relates."  15 U.S.C. § 1681e(b).

3.    The FCRA provides special protections when a CRA furnishes "items of information on consumers which are matters of public record and are likely to have an

---

[1] As required by Federal Rule of Civil Procedure 15(a)(2), Plaintiff obtained Defendant's consent to file this Amended Complaint.

adverse effect upon a consumer's ability to obtain employment."  15 U.S.C. § 1681k.  In these situations, CRAs must either: (1) notify the consumer of the release of the public record information at the time the information is furnished to the user; or (2) establish strict procedures to maintain complete and up-to-date public record information.

4.      Plaintiff brings this action on behalf of hundreds, if not thousands, of consumers throughout the country who have been the subject of unfair, prejudicial, misleading and illegal background reports performed by Defendant and sold to employers and other third parties.  Defendant has adopted and maintained a policy and practice of knowingly, intentionally, recklessly and willfully reporting offense types in consumer reports that are not accurate and that cause damage to the subjects of the reports.

5.      Defendant's practice harms consumers reputations by disseminating misleading and inaccurate information about them to third parties, including prejudicing their employers and prospective employers with such inaccurate information, and also harms interstate commerce as a whole.

## JURISDICTION AND VENUE

6.      This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

7.      Venue is proper in this Court under 28 U.S.C. § 1391(b) as Defendant is headquartered in this division and district, it regularly conducts business in this district and division, and a substantial part of the events giving rise to the claims occurred in this district and division.

8.      Defendant has contracted to supply services or things in Pennsylvania.  It sells consumer reports in Pennsylvania and produces consumer reports on Pennsylvania residents.  It also gathers and maintains substantial public records data from Pennsylvania.

## PARTIES

9.      Mr. Neuman is a resident of Minnesota.  He is a natural person and a "consumer" as protected and governed by the FCRA, 15 U.S.C. § 1681a(c).

10.      Defendant is a Pennsylvania limited liability company that conducts business throughout the United States.

11.      At all relevant times hereto, Defendant has been a consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS

**Defendant's Practices As A Consumer Reporting Agency And Furnisher Of Consumer Information For Employment and Other Purposes**

12.      At all times pertinent hereto, Defendant has been a CRA as defined by section 1681a(f) of the FCRA.

13.      At all times relevant hereto, Plaintiff has been a "consumer" as defined by section 1681a(c) of the FCRA.

14.      The FCRA regulates the collection, maintenance, and disclosure of consumer reports by CRAs, including public record information.

15.      Defendant investigates and reviews public record databases and maintains consumer files which contain public record information concerning, among other things, the alleged criminal record history of individuals.

16.     From its files, Defendant sells consumer reports to potential employers wishing to investigate the criminal record history, or lack thereof, with regard to various employees and job applicants.

17.     In the two-year period prior to the filing of this Complaint, Defendant sold approximately 400,000 consumer reports for employment purposes, and approximately 1.4 million consumer reports for non-employment purposes.

18.     Defendant's procedures for reporting criminal records are the same for its employment-related consumer reports as its non-employment related consumer reports.

19.     Defendant has a policy and procedure whereby it reviews public record databases and obtains bulk data obtained from third-party vendors concerning public records. Using the data obtained from third-party data vendors, Defendant assembles and/or maintains consumer files that contain information concerning, among other things, the alleged criminal history of consumers.

20.     Defendant engages in this conduct because the acquisition of public record data from third-party vendors, despite the prevalence of inaccurate information contained therein, is significantly cheaper than the acquisition of accurate information obtained by reviewing the actual physical court files.

21.     Defendant's policy and procedure does not include contacting court clerks or reviewing actual court files to verify the accuracy of the information in its consumer files prior to issuing a report about the alleged criminal history of a consumer.

22.     Defendant's policy and procedure does not include the independent review of the bulk criminal history data it acquires, and Defendant relies exclusively upon

consumer disputes to identify inaccuracies in its consumer files with respect to the alleged criminal histories of those consumers.  Defendant received over 5,000 consumer disputes in the two-year period prior to the filing of this Complaint.

23.     As a result of its established policies and procedures, including its reliance on data obtained from third-party vendors and other sources, Defendant regularly and unlawfully reports inaccurate offense levels in its consumer reports.  For example, Defendant regularly and unlawfully reports misdemeanor offenses as felony offenses.

24.     Defendant does and should know that it is unlawfully reporting inaccurate offense levels in its consumer reports, as it receives hundreds, if not thousands, of disputes from consumers on this issue and it issues revised reports for a significant number of these disputes.

25.     Defendant's practice not only violates the FCRA as a matter of law, but it also exacts serious consequences on consumer, job applicants, and interstate commerce. When consumers have been reported as having criminal records that they do not have, it harms their reputations, and they are viewed as less desirable job applicants and more likely not to be hired or continue to be employed by the employers who pay Defendant for such reports.

**Facts Specific to Plaintiff**

26.     Equity Prime Mortgage ("EPM") hired Mr. Neuman as a Regional Wholesale Representative with an anticipated start date of November 1, 2021.

27.     The employment offer was subject to the successful completion of a background check.

28.    As part of its hiring process, EPM purchased a consumer report on Mr. Neuman from Defendant.

29.    The consumer report that Defendant furnished to EPM was used or expected to be used or collected for the purpose of evaluating a consumer for employment purposes.

30.    The consumer report that Defendant furnished to EPM contained public record information likely to have an adverse effect on Mr. Neuman's ability to obtain employment.

31.    Shortly after EPM obtained the consumer report from Defendant, it told Mr. Neuman that his background report showed that he had a felony conviction and, because of the felony conviction, he would not be able to work for EPM.

32.    EPM's decision was devastating for Mr. Neuman, as he has no felony conviction and Defendant was reporting inaccurate information about him.

33.    Once he obtained Defendant's consumer report in April 2022, he discovered the problem.  Defendant had reported that Mr. Neuman had a felony conviction.

34.    Mr. Neuman does not have a felony conviction.  Instead, he has a gross misdemeanor conviction.

35.    To try to correct Defendant's consumer report, Mr. Neuman filed a dispute with Defendant.

36.    Upon information and belief, Defendant investigated the dispute and discovered that it had reported inaccurate criminal record information about Mr. Neuman.

37.    On April 25, 2022, Defendant amended its consumer report and provided the results of the reinvestigation to Mr. Neuman.

38.     In the amended consumer report, Defendant no longer reported Mr. Neuman as having a felony conviction.   Instead, it correctly reported that he had a gross misdemeanor conviction.

39.     Despite the amended consumer report, the harm Mr. Neuman suffered as a result of Defendant's actions was particularized and concrete as Defendant disseminated inaccurate, materially misleading, and defamatory criminal record information about him to a third party, and separately because he lost a job directly as a result of Defendant's conduct.

## CLASS ALLEGATIONS

40.     Plaintiff brings this action individually and pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3) on behalf of the following Classes:

> (a) All natural persons residing within the United States and its Territories (i) beginning five (5) years prior to the filing of this Complaint and continuing through the conclusion of this action, (ii) about whom Defendant furnished a consumer report, (iii) whose report contained one or more items of criminal record information for which the description of the offense type/charge level of the criminal record listed on the report was higher than the charge type/charge level of the true final disposition listed on the public record.

> (b) All natural persons residing within the United States and its Territories (i) beginning five (5) years prior to the filing of this Complaint and continuing through the conclusion of this action, (ii) about whom Defendant furnished a consumer report, (iii) whose report contained one or more items of criminal record information, (iv) who disputed the description of the offense type/charge level of the criminal record included on the report, and (v) whose disputes resulted in a correction to the description of the offense type/charge level.

41.     Courts have certified similar classes involving CRAs that reported inaccurate offense types/charge levels.  *See, e.g.*, *Shekar v. Accurate Background, Inc.*, No. 2:17-cv-00585-LA (E.D. Wis. July 24, 2020).

42.     Plaintiff reserves the right to amend the definition of the Classes based on discovery or legal developments.

43.     **Numerosity.  Fed. R. Civ. P. 23(a)(1).**  The members of the Classes are so numerous that joinder of all is impractical. Upon information and belief, the number of job applicants and employees harmed by Defendant's practices are more numerous than what could be addressed by joinder, and those persons' names and addresses are identifiable through documents or other information maintained by Defendant.

44.     **Existence and Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2).**  Common questions of law and fact exist as to all members of the Classes, and predominate over the questions affecting only individuals.  The common legal and factual questions include, among others, whether Defendant willfully violated Section 1681e(b) by reporting inaccurate offense levels in its consumer reports.

45.     **Typicality.  Fed. R. Civ. P. 23(a)(3).**  Plaintiff's claims are typical of each Class Member.  Plaintiff has the same claims for statutory and punitive damages as Class members, arising out of Defendant's common course of conduct.

46.     **Adequacy**.  **Fed. R. Civ. P. 23(a)(4).**  Plaintiff is an adequate representative of the Class because his interests are aligned with, and are not antagonistic to, the interests of the members of the Classes he seeks to represent, he has retained counsel competent and

experienced in such litigation, and he intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of members of the Classes.

47.     **Predominance and Superiority.  Fed. R. Civ. P. 23(b)(3).**  Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Classes to individually redress effectively the wrongs done to them. Even if the members of the Classes themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

## FIRST CLAIM FOR RELIEF

### Class Claim

### (15 U.S.C. § 1681e(b))

48.     Plaintiff realleges and incorporates by reference all preceding paragraphs as alleged above.

49.    Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report furnished regarding Plaintiff and others similarly situated.

50.    Defendant knew or should have known about its obligations under the FCRA.  These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

51.    Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

52.    Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff and others similarly situated of their rights under the FCRA.

53.    Defendant's violations of the FCRA were willful, rendering Defendant liable pursuant to 15 U.S.C. § 1681n.

### SECOND CLAIM FOR RLEIEF

### Individual Claim

### (15 U.S.C. § 1681k)

54.    Plaintiff realleges Paragraph Nos. 1-40 as if fully set forth herein.

55.    Section 1681k of the FCRA requires that when a consumer reporting agency supplies public record information to a user for employment purposes, and such information is likely to have an adverse effect on employment, the CRA must:

> (1) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting

agency, together with the name and address of the person to whom such information is being reported; or

(2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date.

56.     Defendant violated 15 U.S.C. § 1681k by failing to notify Plaintiff that it was reporting public record information about him at the time it furnished such information to his prospective employer, and by failing to maintain strict procedures to ensure that the public record information it was reporting was complete and up to date.

57.     Defendant knew or should have known about its obligations under the FCRA.  These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

58.     Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

59.     Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff of his rights under the FCRA.

60.     Defendant's violation of 15 U.S.C. § 1681k was willful, rendering Defendant liable pursuant to 15 U.S.C. § 1681n.  In the alternative, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

61.     As a result of this conduct by Defendant, Plaintiff suffered actual damages including without limitation, by example only and as described herein on his behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

On the First Claim for Relief:

      a.  An order certifying the case as a class action on behalf of the proposed

          Class under Federal Rule of Civil Procedure 23 and appointing

          Plaintiff and the undersigned counsel of record to represent same;

      b.  Actual, statutory and punitive damages to be determined by the jury;

      c.  Attorneys' fees;

      d.  Costs of the action;

      e.  Such other relief as the Court deems just and proper.

On the Second Claim for Relief:

      a.  Actual, statutory, and punitive damages to be determined by the jury;

      b.  Attorneys' fees;

      c.  Costs of the action;

      d.  Such other relief as the Court deems just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

PLAINTIFF hereby demands a jury trial on all claims for which he has a right to a jury.

DATED: February 14, 2023

                        Respectfully submitted,

/s/ Jeffrey B. Sand
Jeffrey B. Sand*
**WEINER & SAND LLC**
800 Battery Avenue SE, Suite 100
Atlanta, GA  30339
P: (404) 205-5029
P: (404) 254-0842
F: (866) 800-1482
E: aw@wsjustice.com
E: js@wsjustice.com


James A. Francis*
Lauren KW Brennan*
Joseph L. Gentilcore
**FRANCIS MAILMAN SOUMILAS, P.C.**
1600 Market St., Suite 2510
Philadelphia, PA 19103
P: 215-735-8600
F: 215-940-8000
E: jfrancis@consumerlawfirm.com
E: lbrennan@consumerlawfirm.com
E: jgentilcore@consumerlawfirm.com


*Admitted *pro hac vice*

*Attorneys for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on February 14, 2023 I electronically filed the foregoing with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


/s/ *Jeffrey B. Sand*
Jeffrey B. Sand